1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  STEPHEN G. CORRIGAN (MASBN 100560)
   JAMES C. MANN (CASBN 221603)
5  Assistant United States Attorneys

6     1301 Clay Street, Suite 340-S
      Oakland, California 94612
7     Telephone: (510) 637-3680
      Facsimile: (510) 637-3724
8     E-Mail:    Stephen.Corrigan@usdoj.gov
                 James.C.Mann@usdoj.gov
9

10 Attorneys for Plaintiff

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14 UNITED STATES OF AMERICA,           )   No. CR-07-0792 SBA
                                       )
15       Plaintiff,                    )   REQUEST FOR AUTHORIZATION
                                       )   TO DISCLOSE CERTAIN GRAND
16    v.                               )   JURY MATERIAL PURSUANT TO
                                       )   FED. R. CRIM. P. 6(e)(3)(E)
17 MARVIN L. TAMONTE,                  )
                                       )
18       Defendant.                    )
                                       )
19 _____ )

20
         The United States requests an order pursuant to Federal Rule of Criminal
21
   Procedure 6(e)(3)(E) permitting the United States to disclose certain grand jury materials
22
   that must be disclosed under normal circumstances pursuant to the Jencks Act, 18 U.S.C.
23
   § 3500; Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; and Brady v.
24
   Maryland, 373 U.S. 83 (1963), and its progeny, and limiting further disclosure and use of
25
   the grand jury materials disclosed.
26
         Rule 6(e) provides a general rule of grand jury secrecy for "matter[s] occurring
27
   before the grand jury," but Rule 6(e)(3)(E) permits disclosure "preliminarily to or in
28
   connection with a judicial proceeding" in a manner and subject to any conditions directed

REQ. FOR AUTH. TO DISCLOSE GRAND JURY TRANSCRIPTS
No. CR-07-0792 SBA

1 | by the Court.  The United States requests that the Court authorize limited disclosure of
2 | grand jury materials to counsel for Defendant Tamonte for the following reasons:
3 |     1.    Defendant Tamonte was first indicted for the conduct at issue in this matter
4 | on September 25, 2003;
5 |     2.    This matter was ready for trial on the first indictment, but was dismissed
6 | *without prejudice* for Speedy Trial Act violations just prior to trial;
7 |     3.    Defendant Tamonte was indicted again on December 13, 2007;
8 |     4.    The parties are continuing to discuss a pretrial resolution of this matter;
9 |     5.    Based upon the request of Defendant Tamonte, the United States moves to
10 | disclose to counsel for Defendant Tamonte certain grand jury material; and
11 |     6.    Due to the unique circumstances in this case, allowing limited disclosure of
12 | grand jury materials in preparation for or use by the parties at trial would not frustrate the
13 | broad societal interest in grand jury secrecy.
14 |
15 | DATED: February 27, 2008        Respectfully submitted,
16 |                                 JOSEPH P. RUSSONIELLO
17 |                                 United States Attorney
18 |                                 /s/
                                STEPHEN G. CORRIGAN
19 |                                 JAMES C. MANN
                                Assistant United States Attorneys
20 |                                 Counsel for United States
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARVIN L. TAMONTE,<br><br>    Defendant. | No. CR-07-0792 SBA<br><br>[PROPOSED] ORDER GRANTING REQUEST FOR AUTHORIZATION TO DISCLOSE CERTAIN GRAND JURY MATERIAL PURSUANT TO FED. R. CRIM. P. 6(e)(3)(E) |

Having considered the United States' Request For Authorization To Disclose Certain Grand Jury Material Pursuant To Fed. R. Crim. P. 6(e)(3)(E) and the applicability of Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, it is hereby ORDERED that:

1.   The attorneys for the United States may disclose to counsel for Defendant Tamonte (hereinafter, "defense counsel") grand jury material that must be disclosed under normal circumstances pursuant to the Jencks Act, 18 U.S.C. § 3500; Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

2.   Defense counsel shall not make any copies or duplicates of the grand jury material disclosed pursuant to this Order.

REQ. FOR AUTH. TO DISCLOSE GRAND JURY TRANSCRIPTS
No. CR-07-0792 SBA

1        3.      Except as permitted by Fed. R. Crim. P. 6(e), this Order, or any other court order, defense counsel shall not disclose any grand jury materials or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

           a.      defense counsel may use their knowledge of grand jury materials to interview prospective witnesses;

           b.      defense counsel may show a prospective witness, or his or her own counsel, a transcript of that witness' <u>own</u> testimony; and

           c.      defense counsel may allow secretaries, clerical workers, paralegals, contract personnel and experts, retained to assist in the preparation of this case for trial, to view grand jury materials solely for the purpose of preparing for the trial of this case.

       4.      Except as permitted by Fed. R. Crim. P. 6(e), each person to whom grand jury materials have been shown or their contents disclosed pursuant to Paragraph 3 of this Order, shall be informed of his or her responsibilities under this Order by defense counsel and shall not disclose the contents thereof to anyone other than counsel for the parties or his or her own counsel, who shall not be permitted to further disclose such material.

       5.      Nothing contained herein shall restrict or prevent any party from offering any materials into evidence or citing any materials in papers filed in this case.

       6.      All grand jury materials disclosed pursuant to this Order shall either be promptly destroyed or returned to the United States after this case is disposed of by trial, appeal, if any, or other resolution of the charges against Defendant Tamonte.

DATED:_____               _____
                                                  HON. SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge